Downey, Judge,
delivered the opinion of the court:
Under Navy Order No. N-4913, dated October 11, 1918, which Was accepted by the plaintiff in writing, the plaintiff delivered to the United States a quantity of oil shown in the findings. The order tentatively fixed a price but stated that it was under the conditions stated in subparagraph (B) and the acceptance was under that paragraph. That paragraph was as follows:
“(B) As it is impracticable to now determine just compensation for the material to be delivered or services rendered, the\ fixing of the price will be subject to later determination. You are assured of just compensation under this order, and pending the determination of the final price, you will be paid the provisional price stated hereon, with the understanding that such price paid will not be considered as having any bearing upon the price to be subsequently fixed. Any difference between the amount of such payment and the amount finally determined upon as just compensation will be paid to you or refunded by you, as the case may require. The provisional price stated herein will not prejudice any future price determination or be considered as a precedent in determining such increases or decreases as may be later decided upon as proper.”
The order is upon the same general form as those involved in other cases which have recently received the attention of the court. Federal Sugar Refining Company v. United States, No. B-147, decided January 19, 1925, 60 C. Cls. 184; Consolidation Coal Company v. United States, No. *363 A-262, decided January 26, 1925, and on motion for a new trial April 20, 1925, 60 C. Cls. 608; Pocahontas Fuel Company v. United States, No. C-739, and California Packing 0orporation v. United States, No. C-1137, both this day decided, ante, pp. 231 and 272.
We need not repeat discussions in other cases leading to the conclusion which very clearly must prevail in this case, that the relations between the parties by reason of the placing of this order and its acceptance were contractual, the prices stated being tentative and subject to future adjustment upon such a basis as to entitle the plaintiff to recover the fair market value of its oil at the time and place of delivery. The parties have stipulated the fair .market price of the oil shown in the findings and which in the aggregate was $13,714.94 in excess of the amount- paid plaintiff under the tentative prices. This it is entitled to recover.
Plaintiff seeks interest as a part of just compensation but as the relation of the parties was contractual no interest can be awarded. The subject has been discussed in other cases.
Plaintiff’s additional claim for expense, incurred in connection with the transferring of the oil to the defendant’s vessels is precluded by a paragraph found in the specifications and quoted in so far as material in Finding II.
We have directed judgment for the plaintiff in accordance with these conclusions.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.